UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JEUNESSE GLOBAL HOLDINGS, LLC,

    Plaintiff,

v.                                               Case No: 6:17-cv-1061-Orl-41TBS

VIVANTE, INC., VITALIY POTSELUEV
and DOES 1-10,

    Defendants.

## ORDER

This case comes before the Court without oral argument on Plaintiff's Motion for Entry of Clerk's Default Against Defendant, Vitaliy Potseluev (Doc. 14), and Plaintiff's Motion for Entry of Clerk's Default Against Defendant, Vivante, Inc. (Doc. 15).

Federal Rule of Civil Procedure 4(e) provides that an individual may be served by giving a copy of the summons and complaint to the individual personally; giving a copy of the summons and complaint to an age-appropriate person who lives at the individual's "dwelling or usual place of abode;" serving a copy on the person's agent "authorized by appointment or by law" to receive process; or by a manner permitted under the laws of the state in which the federal district court is located for an action brought in a court of jurisdiction in that state or in the state wherein service is made. FED. R. CIV. P. 4(e).

The process server's return states that this action was personally served on Defendant Vitaliy Potseluev (Doc. 16). More than 21 days have passed and he has not filed a pleading or paper in the case. Court clerks are required to enter a defendant's default "[w]hen service of process is properly effected, but the served party fails to respond in a timely manner…." Kelly v. Florida, 233 Fed. Appx. 883, 885 (11th Cir. 2007)

(citing FED. R. CIV. P. 55(a)). Now, the motion for entry of default against Defendant Vitaliy Potseluev is **GRANTED**.

Under the federal rules, a corporate defendants may be served by:

> [D]elivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and–if the agent is one authorized by statute and the statute so requires–by also mailing a copy of each to the defendant[.]

FED. R. CIV. P. 4(h)(1)(B). A corporate defendant may also be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" FED. R. CIV. P. 4(h)(1)(A), 4(e)(1). Florida Statutes permit process to be served on a corporation by serving any one of the following persons: (a) the president, vice president or other corporate head; (b) the cashier, treasurer, secretary, or general manager; (c) any corporate director; (d) any officer or business agent residing in Florida; (e) or an agent designated by the corporation under FLA. STAT. 48.091.[1] See FLA. STAT. § 48.081. In Florida, the registered agent can be either an individual who resides in the state or

---

[1] FLA. STAT. § 48.091 provides:

> (1) Every Florida corporation and every foreign corporation now qualified or hereafter qualifying to transact business in this state shall designate a registered agent and registered office in accordance with chapter 607.
>
> (2) Every corporation shall keep the registered office open from 10 a.m. to 12 noon each day except Saturdays, Sundays, and legal holidays, and shall keep one or more registered agents on whom process may be served at the office during these hours. The corporation shall keep a sign posted in the office in some conspicuous place designating the name of the corporation and the name of its registered agent on whom process may be served.

Under the statute, if Balfour is unable to serve the registered agent because of the failure to comply with FLA. STAT. § 48.091, "service of process shall be permitted on any employee at the corporation's principal place of business or on any employee of the registered agent." FLA. STAT. § 48.081(3)(a).

another corporation authorized to conduct business in Florida. See FLA. STAT. § 607.0501(1)(b).

If the address provided for the registered agent, officer, or director is a residence or private residence, "service on the corporation may be [made by] serving the registered agent, officer, or director in accordance with s. 48.031." FLA. STAT. § 48.081(3)(b). Section 48.031, permits a process server to effect service on "any person residing therein who is 15 years of age or older ..." FLA. STAT. § 48.031(1)(a). When all other methods fail, section 48.081(3)(a) permits service on "any employee of the registered agent [even] during the first attempt at service ... "

Defendant Vivante, Inc. was purportedly served by serving Vitaliy Potseluev in Massachusetts (Doc. 17). Plaintiff has failed to show the connection, if any, between Vitaliy Potseluev and Vivante, Inc., or explain why Plaintiff has obtained good service on Vivante, Inc. under federal, Florida, or Massachusetts law. Consequently, the motion for entry of default against Vivante, Inc. is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on October 4, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties