UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JEUNESSE GLOBAL HOLDINGS, LLC,

    Plaintiff,

v.                                                   Case No: 6:17-cv-1061-Orl-41TBS

VIVANTE, INC., VITALIY POTSELUEV
and DOES 1-10,

    Defendants.

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Motion for Default Judgment (Doc 24). The motion, unaccompanied by any affidavit or other evidence, requests entry of default judgment as to liability against Defendants Vivante, Inc. and Vitaliy Potseluev, and that the Court "permit discovery" related to the damages and injunctive relief sought in the complaint. Upon consideration, I **respectfully recommend** that the motion be **DENIED, without prejudice**.

### Background

On June 9, 2017, Plaintiff Jeunesse Global Holdings, LLC filed its complaint against Defendants Vivante, Inc., Vitaliy Potseluev (the named Defendants), and Does 1-10, alleging claims for trademark infringement, false designation of origin and unfair competition, dilution, and trade dress infringement, all under the Lanham Act (15 U.S.C. § 1051 *et seq.*), and copyright infringement under 17 U.S.C. §501(a) (Doc. 1). The complaint was served on the named Defendants and no answer or other response was timely filed. The Clerk entered default as to Vitality Potseluev and Vivante, Inc. on October 5 and 6, 2017 (Doc. 19, 22). This motion follows.

Discussion

<u>Standards of Law</u>

A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2). In defaulting, a defendant "admit[s] the plaintiff's well-pleaded allegations of fact" for purposes of liability. <u>Buchanan v. Bowman,</u> 820 F.2d 359, 361 (11th Cir.1987). Nonetheless, a court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for entry of a default judgment. <u>Nishimatsu Constr. Co. v. Houston Nat'l Bank</u>, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. In short, despite occasional statements to the contrary, a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover").

The United States Supreme Court has noted the difference between well-pleaded facts and conclusory allegations. In <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court explained that a complaint need not contain detailed factual allegations, but it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" <u>Id.</u> at 678 (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the plaintiff is entitled to relief.'" <u>Id.</u> at 679 (quoting F<small>ED</small>. R. C<small>IV</small>. P. 8(a)(2)). This analysis is equally applicable to a motion for default judgment. See <u>De Lotta v.</u>

Dezenzo's Italian Restaurant, Inc., No. 6:08-cv-2033-Orl-22KRS, 2009 WL 4349806, *5 (M.D. Fla. November 24, 2009).

"Once liability is established, the court turns to the issue of relief." Enpat, Inc. v. Budnic, 773 F. Supp. 2d 1311, 1313 (M.D. Fla. 2011). "Pursuant to Federal Rule of Civil Procedure 54(c),'[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings,' and a court may conduct hearings when it needs to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter." Enpat, 773 F. Supp. 2d at 1313 (citing FED. R. CIV. P. 55(b)(2)). Where all the essential evidence is of record, an evidentiary hearing on damages is not required. SEC v. Smyth, 420 F.3d 1225, 1232 n. 13 (11th Cir. 2005).

As the foregoing makes clear, in order to enter a default judgment, the Court must find that an adequate showing has been made as to liability and the kind or amount of damages or other relief.

The Allegations of the Complaint

Plaintiff alleges "upon information and belief," that Defendants, Vivante, Inc., Vitaliy Potseluev, and Does 1-5,[1] were the agents, servants and employees of every other defendant and that Defendants, Vivante, Inc., Vitaliy Potseluev, and Does 1-5, inclusive, are "jointly, severally and concurrently liable and responsible with the named Defendants upon the causes of action" set forth (Doc. 1, ¶¶6 and 7). The named Defendants are alleged "upon information and belief" to be Massachusetts residents (Id., ¶¶3 and 4) and personal jurisdiction and venue allegations are similarly alleged in conclusory "information and belief" fashion. See Id., ¶¶ 9-12.

---

[1] The case style lists Does "1-10" but the allegations are directed to "Does 1-5."

As for the basis of the claims, Plaintiff alleges that it has developed and maintains JEUNESSE, a worldwide multi-level marketing business that distributes products intended to promote health, skin care, and beauty. Plaintiff markets its products through a variety of channels, including the internet and distributors (Doc. 1, ¶ 14). One of the main components of its business encompasses the production, sale, and distribution of its successful products, including LUMINESCE cellular rejuvenation serum. (Id. at ¶ 15). Plaintiff further alleges:

> 16. The success of the JEUNESSE product line and Plaintiffs LUMINESCE cellular rejuvenation serum is due in part to Plaintiffs marketing and promotional efforts. These efforts include advertising and promotion through Plaintiff's websites, distributors, print and other internet-based advertising, and in-person, online and televised promotional appearances by its trainers, among other efforts. Plaintiff has spent substantial time, money and effort in building up and developing consumer recognition, awareness and goodwill in its JEUNESSE product line and marks and its LUMINESCE cellular rejuvenation serum product and marks.
>
> 17. The success of Plaintiffs JEUNESSE product line and its LUMINESCE cellular rejuvenation serum is not due to Plaintiffs promotional efforts alone. The popularity of JEUNESSE products and Plaintiffs LUMINESCE cellular rejuvenation serum, is also due to Plaintiffs consumers, and the word of mouth buzz consumers have generated.
>
> 18. As a result of Plaintiffs efforts, the quality of Plaintiffs products, Plaintiff's promotion and word of mouth, Plaintiffs JEUNESSE product line and its LUMINESCE cellular rejuvenation serum have been prominently placed in the minds of the public. Consumers, purchasers and the members of the public have become familiar with the Plaintiff's JEUNESSE product line, its LUMINESCE cellular rejuvenation serum, and other products, and have come to recognize the JEUNESSE and LUMINESCE marks and products and associate them exclusively with Plaintiff. Accordingly, Plaintiff has acquired a valuable reputation and goodwill among the public as a result of such association. The JEUNESSE, and LUMINESCE marks are famous in the United States and world-wide.
>
> 19. While Plaintiff has gained significant common law trademark and other rights in its JEUNESSE products, including its LUMINESCE

cellular rejuvenation serum, through its use, advertising and promotion, Plaintiff has also protected its valuable rights by filing for and obtaining federal trademark and copyright registrations.[2]

* * *

23. Plaintiff has never authorized or consented to Defendants' use of Plaintiff's JEUNESSE® and/or LUMINESCE® marks or any confusingly similar marks by Defendants; nor has Plaintiff authorized Defendants to manufacture, copy, offer for sale, sell, or distribute any JEUNESSE products, including its LUMINESCE cellular rejuvenation serum and INSTANTLY AGELESS Anti-Aging Eye Cream products.

24. **Defendants have sold and are currently selling counterfeit JEUNESSE products, including but not limited to Plaintiffs LUMINESCE cellular rejuvenation serum**.

25. **Defendants offer for sale and sell counterfeit JEUNESSE products to consumers through Amazon.com ("Amazon") under user storefront "Oshop",** using Plaintiff's JEUNESSE® marks and LUMINESCE® marks and copyright, in advertising.

26. Defendants facilitate the receipt of payment for counterfeit LUMINESCE cellular rejuvenation serum sold to consumers through Amazon.com.

27. Defendants distribute counterfeit LUMINESCE cellular rejuvenation serum to consumers who purchase products directly from Defendants through Amazon.com account(s) registered and used by Defendants **and/or to consumers who purchased counterfeit LUMINESCE cellular rejuvenation serum through Amazon.com accounts registered by third parties** working in conjunction with Defendants.

28. On April 12 2017, Plaintiff arranged the purchase of a purported 15 ml bottle of "Jeunesse LUMINESCE cellular rejuvenation serum" being offered for sale by Defendants on Amazon.com under user storefront "Oshop" for a cost of $40.75.

29. **The LUMINESCE cellular rejuvenation serum was purchased and received from user storefront "Oshop," with Defendants' address on the shipping label return address**. The LUMINESCE cellular rejuvenation serum was inspected to determine authenticity. Plaintiffs inspection of the items purchased and received confirmed that the items offered for sale, sold, and/or distributed by Defendants were, in

---

[2] These marks and registrations are listed at Doc. 1, ¶¶ 20-23.

fact, counterfeit LUMINESCE cellular rejuvenation serum.

30. **Upon information and belief**, Defendants have willfully attempted to replicate, sold and distributed a presently unknown quantity of counterfeit LUMINESCE cellular rejuvenation serum.

31. By their advertisements, sales and distributions, Defendants violate Plaintiff's exclusive rights in its copyrighted material, and use images and marks that are confusingly similar to, identical to, and/or constitute counterfeit reproductions of Plaintiffs trademarks to confuse consumers and aid in the promotion and sales of its unauthorized product.

32. Defendants' actions began long after Plaintiffs adoption and use of its JEUNESSE and LUMINESCE trademarks, after Plaintiff obtained the copyright and trademark registrations alleged above, and after Plaintiffs marks became famous.

33. Defendants' actions were committed in bad faith and with the intent to dilute Plaintiffs trademarks, and to cause confusion and mistake, and to deceive the consuming public and the public at large as to the source, sponsorship and/or affiliation of Defendants, and/or Defendants' counterfeit and unauthorized goods. By their wrongful conduct, Defendants have traded upon and diminished Plaintiffs goodwill.

34. In committing these acts, Defendants have, among other things, willfully and in bad faith committed the following, all of which have and will continue to cause irreparable harm to Plaintiff: (i) infringed and diluted Plaintiffs rights in the JEUNESSE and LUMINESCE marks; (ii) infringed Plaintiffs copyrights; (iii) applied counterfeit marks; (iv) misled the public into believing there is an association or connection between Defendants and Plaintiff and/or the products advertised and sold by Defendants and Plaintiff; (v) used false designations of origin on or in connection with its goods and services; (vi) committed unfair competition; and (vii) unfairly profited from such activity. Unless enjoined, Defendants will continue to cause irreparable harm to Plaintiff.

(Doc. 1, ¶¶ 16-34, emphasis added).

Analysis

Plaintiff has alleged that the named *and unnamed* Defendants – acting jointly, and (apparently) with other unnamed "third parties" all infringe Plaintiff's marks and

registrations and distribute counterfeit products through "Amazon.com account(s) registered and used by Defendants and/or to consumers who purchased counterfeit LUMINESCE cellular rejuvenation serum through Amazon.com accounts registered by third parties working in conjunction with Defendants." Plaintiff has alleged that all Defendants – including the Does – were "upon information and belief" the agents, servants and employees of *every other Defendant.* Thus, Plaintiff is asserting that someone, either a named Defendant or a Doe or a third party, sold counterfeit products through an Amazon.com account registered to a named Defendant or a Doe or a third party and, on information and belief, whoever did it is the agent and employee of the named Defendants and the Does, so the named Defendants are liable. I find these allegations are insufficient to support a finding of liability against the named Defendants.

Plaintiff has alleged liability either in a wholly conclusory fashion (e.g., "Defendants have sold and are currently selling counterfeit JEUNESSE products, including but not limited to Plaintiffs LUMINESCE cellular rejuvenation serum") or upon information and belief (e.g., "Upon information and belief, Defendants have willfully attempted to replicate, sold and distributed a presently unknown quantity of counterfeit LUMINESCE cellular rejuvenation serum."). "While there is nothing wrong with alleging factual averments conditionally, see Rule 11(b)(3), FED.R.CIV.P., a default does not transform such conditional statements of belief into established facts." Phoenix Entm't Partners, LLC v. Orlando Beer Garden, Inc., No. 6:16-CV-80-ORL-31DAB, 2016 WL 1567590, at *5 (M.D. Fla. Mar. 30, 2016), *report and recommendation adopted*, No. 6:16-CV-80-ORL-31DAB, 2016 WL 1559164 (M.D. Fla. Apr. 18, 2016). "Conclusory allegations made upon information and belief are not entitled to a presumption of truth, and allegations stated upon information and belief that do not contain any factual support fail to meet the

Twombly standard." In re Superior Air Parts, Inc., 486 B.R. 728, 741 (Bankr. N.D. Tex. 2012) aff'd sub nom. Lycoming Engines v. Superior Air Parts, Inc., 3:13-CV-1162-L, 2014 WL 1976757 (N.D.Tex.2014) (internal citations omitted); see also Carson Optical, Inc. v. Prym Consumer USA, Inc., 11 F. Supp. 3d 317, 344 (E.D.N.Y. 2014) ("plaintiff's cursory reference to consumer surveys 'based upon information and belief' the average consumer 'would' associate the enumerated feature as coming from a single source is speculative and insufficient to support an inference of secondary meaning"). Absent an affidavit or other evidentiary showing, the conclusory allegations here are not enough to establish liability on default.

Plaintiff does allege that it arranged an April 12 2017, purchase of a 15 ml bottle of "Jeunesse LUMINESCE cellular rejuvenation serum" being offered for sale by "Defendants" on Amazon.com under user storefront "Oshop" for a cost of $40.75. Plaintiff tenders no affidavit or other specifics as to this purchase, however, and it is unclear which of the "Defendants" acted as the seller or sellers. This is important because Plaintiff has alleged that all of the Defendants are jointly liable, but has not pled any factual basis for joint liability. This raises another issue.

In cases involving more than one defendant, it has been held that a judgment should not be entered against a defaulting party alleged to be jointly liable, until the matter has been adjudicated with regard to all defendants. Frow v. De La Vega, 15 Wall. 552, 82 U.S. 552, 21 L.Ed. 60 (1872). If the plaintiff prevails against the nondefaulting defendants, he is entitled to judgment against both the defaulting and nondefaulting defendants, but if the nondefaulting party prevails against the plaintiff, in most cases, that judgment will accrue to the benefit of the defaulting defendant, unless the defense is personal to that defendant. See Frow, 15 Wall. at 554, holding:

> [I]f the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike- the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all. But a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal.

15 Wall. at 554. *Cf.* Drill South, Inc. v. Int'l Fidelity Ins. Co., 234 F.3d 1232, 1237 n. 8 (11th Cir. 2000) (citation omitted) (noting that "Frow has been interpreted to apply only where there is a risk of inconsistent adjudications.") This district has followed Frow, and has declined to grant default judgments when there is a risk of inconsistent adjudications. See *e.g.* Regions Bank v. Campus Developmental Research Sch., Inc., No. 6:15CV1332-ORL-CEMDAB, 2016 WL 3039650, at *3 (M.D. Fla. Feb. 11, 2016), *report and recommendation adopted*, No. 6:15CV1332ORL41DAB, 2016 WL 3033515 (M.D. Fla. May 27, 2016); N. Pointe Ins. Co. v. Glob. Roofing & Sheet Metal, Inc., No. 6:12-CV-476-ORL-31, 2012 WL 5378740, at *1 (M.D. Fla. Oct. 31, 2012); Freeman v. Sharpe Res. Corp., No. 6:12-CV-1584-ORL-22, 2013 WL 686935, at *2 (M.D. Fla. Feb. 7, 2013*) report and recommendation adopted*, No. 6:12-CV-1584-ORL-22, 2013 WL 686986 (M.D. Fla. Feb. 26, 2013) ("In cases like this one, where there are multiple defendants, judgment should not be entered against a defaulted party alleged to be jointly liable, until the case had been adjudicated with regard to all the defendants."). Further, in this circuit, it is "sound policy" that "when defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits." Gulf Coast Fans v. Midwest Elecs. Imp., 740 F.2d 1499, 1512 (11th Cir.1984) (citing C. Wright & A. Miller, *Federal Practice and Procedure*, § 2690, 6 Moore, *Federal Practice*, ¶ 55.06). As Plaintiff insists that the named Defendants are agents and employees of each other and the Does, and all are jointly liable, it would be inappropriate

to enter judgment until the case has been adjudicated with regard to all Defendants, including the Does. See also Rule 54(b), Fed. R. Civ. P. (noting that the Court may enter final judgment as to one or more but fewer than all claims or parties "only if the court expressly determines that there is no just reason for delay.").

Finally, Plaintiff cites no basis for its request that the Court enter default judgment as to liability but allow a five month period of discovery as to damages. The named Defendants were served in August and there is no indication that Plaintiff sought to obtain discovery after default (assuming it is taking the position that leave is required). Plaintiff represents that it "expects to obtain discovery from Defendants and non-party retailers related to, among other things, the advertisement and sale of counterfeit products by Defendants." (Doc. 24 at 8). The fact that Plaintiff requires five months of discovery convinces me that the case is not ready for entry of judgment. As a clerk's default has already been entered against the named Defendants, and Plaintiff does not ask for injunctive or any other relief against anyone at this point, the entry of a "default judgment" now- without granting any relief at all – accomplishes nothing.[3]

## Recommendation

Upon consideration of the foregoing, I respectfully recommend that the motion be **DENIED, without prejudice to renewal,** once the Doe Defendants have been identified and served or removed from the case, and upon a more adequate evidentiary showing as to liability and damages.

## Notice to Parties

A party has fourteen days from this date to file written objections to the Report and

---

[3] Even if the Court were inclined to grant an empty judgment, it should not do so as the instant motion does not show compliance with the Servicemembers Civil Relief Act. See 50 U.S.C. § 521 (2010).

Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. <u>See</u> 11th Cir. R. 3-1.

  **RESPECTFULLY RECOMMENDED** at Orlando, Florida on November 8, 2017.

                THOMAS B. SMITH
                United States Magistrate Judge

Copies furnished to:

  Presiding United States District Judge
  Counsel of Record
  Any Unrepresented Parties